FRANCIS L. BROWN *vs.* MASSACHUSETTS TITLE INSURANCE COMPANY.

Suffolk.   January 8, 1890. — February 26, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Libel* — " *Malicious Intention* " — *Evidence of Corporation Officers.*

The "malicious intention" which, by the exception of the Pub. Sts. c. 167, § 80, is a bar to the defence of the truth of a libel, does not mean the malice that may be implied from the publication, but imports actual malice as shown by an intention at the time to injure the individual.

In an action for libel against a corporation, its officers may testify that they had not, and to their knowledge no officer or employee of the defendant had, any hatred or ill will or malicious intention toward the plaintiff in the publication of the alleged libel.

Tort against a real estate title insurance company for printing and publishing, in the form of and by means of a circular, a false and malicious libel of and concerning the plaintiff, a real estate dealer in Boston. The answer set up, among other defences, the truth of the alleged libel. At the trial in the Superior Court, before *Staples*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*H. G. Parker & J. H. Fiske*, for the plaintiff.

*S. J. Elder*, for the defendant.

W. Allen, J. Before the St. of 1855, c. 396, the defendant, in an action for libel, could prove the truth of the alleged libel, in justification and defence. That statute, as enacted in the Pub. Sts. c. 167, § 80, provides that in an action for a libel the defendant may give in evidence the truth of the matter charged as libellous, " and such evidence shall be deemed a sufficient justification, unless malicious intention is proved." By malicious intention something different from implied malice, or the malice which may be inferred from the publication, is plainly intended. What is meant is actual, express malice, malice in the popular sense of hatred or ill will, (*Lothrop* v. *Adams*, 133 Mass. 471; *Commonwealth* v. *Damon*, 136 Mass. 441,) or in the words of the ruling excepted to in the case at bar, " Malicious intention at the time to injure the individual." The plaintiff contends that malice may be inferred, as matter of law, from the fact and circumstances of the publication. But the malicious intention intended by the statute is a fact to be found by the jury, under the instructions of the court. The question what will be sufficient to prove malicious intention as a fact is not presented in this case.

The president and the vice-president and general manager of the defendant corporation were called by it as witnesses, and were allowed to testify, against the objection and exception of the plaintiff, that they had not, and that they did not know that any officer or employee of the defendant had, any hatred or ill

will or malicious intention toward the plaintiff in the publication of the alleged libel. We think that this evidence was properly admitted. The plaintiff had offered evidence tending to show that the publication was made by the defendant with malicious intention. The malicious intention of the corporation would be shown by that of its officers and agents. The evidence was competent only upon the question whether the witnesses, whose acts with malicious intention would be acts of the defendant, had such intention. As the intention of the officers and agents of the defendant in making or permitting the publication was the fact in question, it was competent for the defendant to call each or any of its officers to testify in regard to the fact of his own intention, and, as bearing upon that, as to what knowledge he had of the intention of others. The evidence was competent, and the exceptions do not show that it was not material. If either witness had nothing to do with the publication, his evidence would be immaterial; if it was claimed that either one made or authorized the publication, his evidence would be material. If the exceptions do not show that the evidence was material, they do show that the plaintiff could not have been prejudiced by it.          *Exceptions overruled.*